# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ED FRANKLIN HARRIS, | ) |
| | ) |
| Defendant/Movant, | ) |
| | ) |
| v. | )   2:06-cr-00087-IPJ-JEO |
| | )   2:08-cv-08017-IPJ-JEO |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This matter is before the court on the motion of Ed Franklin Harris (hereinafter "Harris" or "the defendant") to vacate, set aside, or correct his conviction and sentence filed pursuant to 28 U.S.C. § 2255.  (08-08017 at Doc. 1).[1]  Upon consideration of the same, the court finds that the motion is due to be denied and dismissed with prejudice.

## BACKGROUND

The defendant was charged with possessing firearms (Counts One and Two) and possessing body armor after being convicted of a felony (Count Three), in violation of 18 U.S.C. §§ 922(g) & 931(a)(1), respectively.  (06-00087 at Doc. 1).  He pled guilty and was sentenced on February 26, 2007, to a term of eighty months on Count One and a concurrent term of thirty-six months on Count Three.  *Id*. at Doc. 19, p.1.  The second count was dismissed.  *Id*.  The judgment and commitment order was signed March 1, 2007.  *Id*.  An amended judgment and commitment order was entered on March 9, 2007.  (06-00087 at Doc. 22).  A second amended judgment and commitment order was signed on March 9, 2007, and entered on March 12, 2007.

---

[1] References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the court's record in this case.  Those in the post-conviction proceedings are designated by "08-08017" and those in the original criminal case are designated by "06-00087".

*Id*. at Doc. 23.  The defendant did not file a direct appeal.

The present motion to vacate was received by the Clerk of the Court on June 3, 2007. (08-0817 at Doc. 1, p. 1).  It was signed by the defendant on May 24, 2007.  *Id*. at p. 9.  The defendant asserts that he was denied effective assistance of counsel at sentencing because counsel failed to object to the court's calculation regarding his criminal history and that he was constructively denied his right of appeal when the foregoing issue was not raised on appeal.  *Id*. at pp. 5-7.  The magistrate judge assigned this matter entered an order requiring the United States to appear and file a response to the defendant's claims.  The United States has filed a response asserting that the motion is barred from review premised on the applicable statute of limitations, the claims are procedurally barred, and they are also without merit.  (Doc. 3).  The defendant was afforded an opportunity to reply to the response of the United States.  He has, however, failed to file a reply despite requesting and being granted an extension of time by the magistrate judge.

## DISCUSSION

As noted above, the United States contends that the defendant's claims are barred from review premised on the one-year statute of limitations.  Pursuant to 28 U.S.C. § 2255, there is a one-year statute of limitations within which a motion to vacate a conviction must be filed.  The defendant's judgment of conviction became final on or about March 26, 2007, when the ten day time period for filing a notice of appeal expired.  *See* Fed. R. App. P. 4(b)(1)(A).  Therefore, the one year period in which to file a petition pursuant to § 2255 ended on March 26, 2008.  28 U.S.C § 2255(f).

The present motion, at the earliest, was filed on May 24, 2008, when it was signed and placed in the prison mail.  *See Houston v. Lack*, 487 U.S., 266, 108 S. Ct. 2379 (1988).  This is at

2

least two months after expiration of the applicable statute of limitations. The defendant's claims, therefore, are barred from review.[2]

## CONCLUSION

Premised on the foregoing, the defendant's motion to vacate, set aside, or correct his sentence (08-08017 at doc. 1) is due to be denied and dismissed with prejudice. An appropriate order will be entered.

**DONE**, this 8th day of September 2008.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[2]In view of the court's determination of the statute of limitations issue, the remaining defenses asserted by the United States need not be addressed.