FILED

2008 Sep-22  PM 01:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ED FRANKLIN HARRIS, | ) |
| | ) |
| Defendant/Movant, | ) |
| | ) |
| v. | )   2:06-cr-00087-IPJ-JEO |
| | )   2:08-cv-08017-IPJ-JEO |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## <u>MEMORANDUM OPINION</u>

In this action, Ed Franklin Harris (hereinafter "Harris" or "the defendant"), *pro se*, moved the court to vacate, set aside, or correct his federal conviction and sentence, pursuant to 28 U.S.C. § 2255.  (08-08017 at Doc. 1).[1]  On September 8, 2008, this court entered an order and memorandum opinion denying relief and dismissing Harris's motion with prejudice, on the basis that his motion was not filed within the one-year statute of limitations of 28 U.S.C. § 2255(f). (08-08017 at Docs. 6 & 7).  The matter is now before the court on Harris's "Motion in Opposition to the Government's Motion to Dismiss Petition and Movant's Response to Court's Order Dated for July, 3, 2008," (doc. 8), filed on September 9, 2008.  The court concludes that the motion, which court construes as a motion to reconsider its order dismissing Harris's § 2255 motion, is due to be denied.

## BACKGROUND

Strictly speaking, Harris's instant filing does not appear to have been filed in response to the court's order dismissing his § 2255 motion.  Indeed, that order of dismissal was entered on

---

[1]References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the court's record in this case.  Those in the post-conviction proceedings are designated by "08-08017" and those in the original criminal case are designated by "06-00087".

the same day Harris mailed his instant submission, according to the postmark on the envelope in which the filing was received.  Rather, Harris's instant filing appears to be a response in opposition to the United States motion filed July 2, 2008 seeking to dismiss his § 2255 motion. (See 08-08017 at Doc. 2).  However, pursuant to an extension the court granted upon a motion filed by Harris on July 21, 2008, Harris was required to file any response in opposition to the government's submission on or before August 28, 2008.  (See 08-08017 at Docs. 4, 5, 6, and Order of 7/21/08).  Accordingly, Harris's instant submission is untimely insofar as it would be a response to the government's submission.  Nonetheless, insofar as Harris's instant filing raises arguments contesting the government's position and the court's ruling that his § 2255 motion was untimely filed, the court will now consider Harris's filing as a motion to reconsider the order of dismissal.

## DISCUSSION

As explained in the memorandum opinion entered contemporaneously with the order dismissing Harris's § 2255 motion, the one-year statute of limitations applicable to such a motion commenced running from the date on which his judgment of conviction became final.  *See* 28 U.S.C. § 2255(f)(1).  The court held that because Harris did not file a direct appeal, his judgment of conviction became final on or about March 26, 2007, when the ten-day time period for Harris to file a notice of appeal expired under Fed. R. App. P. 4(b)(1)(A).  Therefore, the court held, Harris's § 2255 motion was untimely because it was filed more than one year later, at the earliest on May 24, 2008, when it was signed and placed in the prison mail.  *See Houston v. Lack*, 487 U.S. 266 (1988).

Citing *Drury v. United States*, 507 F.3d 1295, 1296 (11th Cir. 2007), and *Pugh v. Smith*,

465 F.3d 1295, 1299 (11th Cir. 2006), Harris contends in his instant submission that his

conviction became final "when the time limit for filing a petition for writ of certiorari to the

Supreme Court expired," which in this case, he claims, "happened to be May 26, 2008."  (08-

08017 at Doc 8., at 3 n.1.  Harris does not explain how he calculated that date.[2]  Elsewhere in his

submission, Harris contends, citing *Clay v. United States*, 537 U.S. 522, 532 (2003), that

assuming that his conviction became final as of March 1, 2007, he had until June 1, 2008 to file

his 2255 motion, because that would mark a one-year period ending 90 days beyond his time for

filing a petition for a writ of certiorari with the Supreme Court.  (08-08017 at Doc. 8, at 16).

Thus, he contends that his § 2255 motion was timely because it was deemed filed on May 24,

2008 under *Houston v. Lack*, *supra*.

 Harris's reliance upon *Clay*, *Drury*, and *Pugh* is misplaced.  In *Clay* and *Drury*,

the Supreme Court of the United States and the United States Court of Appeals for the Eleventh

Circuit were respectively addressing the timeliness of a § 2255 motion brought by a defendant

who, following entry of a judgment of conviction in a federal district court, filed a timely direct

appeal to a United States court of appeals, which then affirmed the conviction.  *See Clay*, 537

U.S. at 525; *Drury*, 507 F.3d at 1295-96, *see also United States v. Drury*, 396 F.3d 1303 (11th

Cir. 2005) (prior direct appeal).  Similarly, in *Pugh*, the Eleventh Circuit was addressing the

timeliness of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 to review a

state court conviction that had been the subject of an appeal to an intermediate state appellate

court.   Where review of the defendant's conviction may be had in the United States Supreme

---

 [2]It would appear that Harris likely meant to assert that the time for him to file a petition
for a writ of certiorari was "May 26, 2007," rather than "2008," given that his district court
conviction was in March 2007 and he filed no direct appeal.

Court but no petition for certiorari review is filed, the judgment of conviction becomes final

ninety days after entry of the judgment of the appellate court that affirmed the conviction, which

marks the expiration of the period for the defendant to file a timely certiorari petition under Rule

13(1), Sup. Ct. R.  *See Clay, Pugh, supra*.  Where, by contrast, a defendant like Harris files no

direct appeal, the judgment of conviction becomes final 10 days after the entry of the judgment

by the district court, which marks the expiration of the period for filing a timely notice of appeal

under Rule 4(b)(1)(A), Fed. R. App. P.  *Mederos v. United States*, 218 F.3d 1252, 1253 (11th

Cir. 2000); *accord United States v. Guerrero*, 488 F.3d 1313, 1316 n.2 (10th Cir. 2007); *Never

Misses A Shot v. United* States, 413 F.3d 781, 782 (8th Cir. 2005); *Moshier v. United States,* 402

F.3d 116, 118 (2d Cir.2005); *Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th

Cir.2004); *Kapral v. United States,* 166 F.3d 565, 577 (3d Cir.1999).  Where direct appeals are

not timely pursued and exhausted in lower appellate courts, review may not be had in the United

States Supreme Court, so the 90-day period for seeking certiorari review in that Court is simply

inapplicable.  *See, e.g., Mederos, supra*; *see also United States v. Plascencia*, 537 F.3d 385 (5th

Cir. 2008) (90-day period for filing a certiorari petition did not extend time for filing a § 2255

motion where defendant filed an unexcused untimely notice of appeal in the court of appeals);

*Pugh*, 465 F.3d at 1299 (because the Georgia Supreme Court was available to review the

defendant's state conviction on direct appeal, he could not properly obtain review of his

conviction in the United States Supreme Court, so the 90-day period for filing a certiorari

petition in that Court did not extend the time for filing a habeas petition under 28 U.S.C. § 2254).

Accordingly, Harris's judgment of conviction indeed became final no later than March 26, 2007,

and his § 2255 motion in this court, filed no earlier than May 24, 2008, was not timely under 28

U.S.C. § 2255(f), as the court ruled in its order of dismissal.

## CONCLUSION

Based on the foregoing, the defendant's motion, which the court construes as a motion to reconsider the order dismissing his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, is due to be denied.  An appropriate order will be entered.

**DONE**, this 22nd day of September, 2008.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE